Law Offices of Gail I. Auster & Associates, P.C.
17 Battery Place, Suite 711
New York, NY  10004
(914) 707-4000
Gail I. Auster (GA8428)
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

**CAITLIN MAHONEY,**

                **Plaintiff,**

     - against -

**AMEKK CORP. d/b/a CYPRUS AVENUE,
A&O CORP. d/b/a BLACK SHEEP PUB,
52 5th AVENUE CORP.,
ANTHONY McERLAIN, individually; and
ADAM SMITH, individually,**

              **Defendants.**

---

Index No. cv-14-4131
(ENV)(VMS)

**DECLARATION OF
GAIL I. AUSTER IN
SUPPORT OF
ATTORNEYS' FEES**

---

        Gail I. Auster, Esq., an attorney duly admitted to practice in this Court, does

hereby declare and affirm to be true under the penalties of perjury as follow:

        1.     I am a member of the Bar of this Court and am the principle in The Law Offices

of Gail I. Auster & Associates, P.C., attorneys for Plaintiff Caitlin Mahoney in the above

referenced action and I am familiar with all the facts and circumstances in this action.

        2.     I make this declaration pursuant to Rule 54(d)(2) of the Civil Rules of Federal

Procedure, in support of the Plaintiff's Application for Attorneys' Fees and Costs following a judgment in this action.

3.     Plaintiff commenced this Complaint on July 3, 2014. (Docket # 1.) The Complaint alleged that Defendants AMEKK CORP. d/b/a CYPRUS AVENUE, A&O CORP. d/b/a BLACK SHEEP PUB, 52 5th AVENUE CORP., ANTHONY McERLAIN, individually, and ADAM SMITH, individually, unlawfully failed to pay Plaintiff minimum wages, overtime and "spread of hours" compensation. Defendants further unlawfully withheld tips earned by Plaintiff during the period that she worked for Defendants. In so doing, Defendants violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*., ("FLSA"), and the New York Labor Law § 190, *et seq*., ("NYLL"), specifically including The Wage Theft Prevention Act, NYLL § 195, and the Hospitality Industry Wage Order, New York's Compilation of Codes, Rules and Regulations ("NYCRR") tit. 12, § 146. (Docket # 1.)

4.     The above named Defendants defaulted in this action, with the exception of Smith who is entering into a settlement with Plaintiff.  Plaintiff is thus a prevailing party for purposes of this fee-shifting statute.

7.     **Attorneys' Fees**. The attorneys' fees requested by Plaintiff is for the work performed in the litigation, which includes: interviewing Plaintiff and assembling her documents in support of her claims interviewing Defendants' representative and reviewing the documents said representative claimed supported their position; obtaining and reviewing the payroll records of Defendants' payroll company and comparing those to Defendants' claim; drafting the complaint, drafting Plaintiffs' First Request for Documents, First Set of Interrogatories, and deposition notices; two court appearances; correspondence and telephone conversations with

Defendants' counsel; drafting the motion by order to show cause for default judgment based on Defendants' failure to defend, and the preparation of the current declaration in support of the attorneys' fees application.

8.      I emphasize that the instant case has been much more difficult than the typical default judgment action, due to Defendant McErlain's continual evasion, obfuscation and deceit. For example, McErlain sent Plaintiff a series of text messages and voice mails in which he strung her along, pretending as though he intended to meet her and pay her wages. This required more consultation time between Plaintiff and her counsel. Further, McErlain sent Plaintiff a series of text messages in which he boldly denied any ownership in the Cypress Avenue bar and told Plaintiff that his employee, Adam Smith, actually owned the bar (Ex. E.), which is false, as McErlain actually owns the bars (Ex. F, G, H, I, J, N). This created substantial additional work for Plaintiff's counsel in terms of ferreting out the true ownership of the bar, including both computer research and correspondence with the relevant state agencies, e.g. the Kings County Clerk and the New York State Liquor Authority, for ownership documents.

9.      **Time Records**.  I have expended over 34.9 hours in litigation to prosecute Plaintiff's claims and make this application at the hourly rate of $575.00 per hour, seeking a total of $20,067.75 in attorneys' fees on behalf of Plaintiff in this case.  My law associate, Chloe Liederman, has expended a total of 214.6 hours to prosecute Plaintiff's claims, including but not limited to research, investigation, client consultations and conferences, drafting of pleadings, drafting the default motion and supporting papers, arranging service of process, etc. and make this application at the hourly rate of $300.00 per hour, seeking a total of $64,380.00 in attorneys' fees on behalf of Plaintiff in this case.  A computerized printout of the contemporaneous records

3

for the hours expended by my firm and sought by this application, which were generated and kept in the normal course of business, is annexed hereto as Exhibits O, P, Q and R.

10.     Further, I note that I have no independent interest in this litigation, and my representation of Plaintiff does not entail the possibility of collateral benefits such as enhanced reputation.

9.     My hourly rate is $575 per hour for work performed in this case.

11.     In explanation of this figure, I shall briefly set forth my education and experience.

12.     **Education**. I received my J.D. from Case Western Reserve University Law School, Cleveland, Ohio in 1975; my LL.M. in Labor Law from New York University Law School, New York, New York in 1984; my M.S. in Social Work from Columbia University, New York, New York also in 1984; and my B.A. in History from the University of Wisconsin, Madison, Wisconsin in 1971.

13.     **Admissions**. I was admitted to the Bar of the State of New York in 1976. I am also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, as well as being admitted to the bar of the State of Ohio (currently inactive).

14.     **Professional Affiliations**.  I am a member of the American Bar Association Labor and Employment Committee, New York State Bar Association Labor and Employment Law Committee; the New York City Bar Association; and the National Employment Lawyers Association, which is a national organization of attorneys whose practices involve the representation of clients in employment related disputes.

15.     **Post-Law School Employment**.  I worked as the General Counsel of the New

4

York City Mayor's Office of Labor Relations from 2002-2004, where I served as the chief labor counsel for the City of New York.  I managed the Legal Division of the Office of Labor Relations, which represents the City of New York in labor negotiations with police, fire and other uniformed and civilian municipal unions, in improper practice litigation before the Board of Collective Bargaining and the Public Employment Relations Board, in representation cases and in labor arbitrations (discipline, contract interpretation, etc.). I litigated high profile labor issues, negotiated annual $550 million health benefits contract with HIP, negotiated settlements, functioned as "in house" labor counsel to mayoral agencies and OLR negotiators and partnered with NYC Law Department in labor litigation and related employment litigation pending in federal and state court. I supervised a staff of 15 employees in Legal Division and developed training programs for staff attorneys. I modified Step III grievance hearings from in house attorney hearing officers to rotating panel of outside hearing officers and modernized the legal research and case tracking computer system of Legal Division.  From 1992 through 2002, I was in private practice as the principal in The Law Offices of Gail I. Auster & Associates, P.C. (formerly Auster & Arisohn) in White Plains, New York.  During this period, I have created and built a successful labor and employment law private practice representing corporations and individual high level management clients, and individual plaintiffs, in federal and state court litigation involving Title VII employment discrimination,  Employee Retirement Income Security Act, Family and Medical Leave Act, Fair Labor Standards Act, Americans with Disabilities Act, Age Discrimination in Employment Act, and New York State labor laws, National Labor Relations Board proceedings and administrative hearings, collective bargaining, arbitration, mediation, negotiating and drafting employment agreements and severance

5

agreements, enforcement of employment and severance contracts, and counseling corporate and individual high level management clients.

I worked at the National Labor Relations Board, Region 2, New York, New York from 1987-1992, where I investigated and litigated unfair labor practices under the National Labor Relations Act, including trials, research and post-trial brief writing; presided over representation hearings and conferences, and drafted representation case decisions; investigated and litigated priority cases involving, strikes, picketing, secondary boycotts and "hot cargo" contracts.   From 1986-1988 I also had a part time Psychotherapy Private Practice as a C.S.W., practicing individual and marital psychotherapy.  In 1984-1987 I worked at the Environmental Control Board, New York, New York where I was a part time Administrative Law Judge.  From 1978-1980, I was the Assistant Director of Clinical Education, University Legal Center at Case Western Reserve University Law School, Cleveland, Ohio, where I taught and supervised law student interns in a variety of civil and criminal law clinical settings; supervised trial advocacy, research, writing and negotiation.  During this time I gained extensive litigation experience including constitutional issues as well as ERISA and consumer issues.  From 1977-1978, I was a Reginald Heber Smith Community Lawyer Fellow at Community Action for Legal Services, Brooklyn Heights, New York, where I represented clients in Federal and State Court litigation (including class action law reform litigation), administrative hearings, and also performed interviewing, investigation, research and all other aspects of community legal services.  From 1975-1977 Services I was a Reginald Heber Smith Community Lawyer Fellow at Summit County Legal Aid Society, Akron, Ohio.

15.     **Present Law Practice**.   From 2004 through the present, I have been a principal

6

in The Law Offices of Gail I. Auster & Associates, P.C. with a successful labor and employment

law private practice representing corporations and individual high level management clients in

federal and state court litigation involving Title VII employment discrimination,  Employee

Retirement Income Security Act, Family and Medical Leave Act, Fair Labor Standards Act,

Americans with Disabilities Act, Age Discrimination in Employment Act, and New York State

labor laws.  I represent clients in the National Labor Relations Board proceedings and

administrative hearings, collective bargaining, arbitration and mediation.  I also negotiate and

draft collective bargaining agreements, employment agreements, executive compensation

agreements, severance agreements and non-compete agreements.  I frequently counsel corporate

clients and their Human Resources departments on broad range of labor and employment issues.

I am also a court appointed mediator for the Supreme Court of the State of New York, New York

County, in the Commercial Division in employment related cases, and regularly serve as a guest

lecturer in labor and employment issues at Brooklyn Law School.  In addition to my private

practice, I was an adjunct professor at St. John's Law School in 2013.

17.      I have successfully handled numerous employment related claims, including

overtime claims, in the United States District Courts located in the State of New York as well as

in the United State District Courts in the States of Ohio and New Jersey (the latter *pro hoc vice)*.

18.      I receive an hourly rate from the majority of my clients of $575 per hour in

matters in which I have been retained over the past three years.

19.      It is submitted that given my experience and the skill with which this action was

handled, the requested rate of $575 is fully warranted and in line with the prevailing market rates

for attorneys with similar experience.

20.     I have had one fee application adjudicated.  In 2002, I was awarded $350 per hour by Judge John Keenan in *Collins v. The Monet Group Inc.*, 96 Civ. 09608 (JFK) (S.D.N.Y.), which was an employment related matter.

21.     My associate, Chloe Liederman, received a Bachelor of Arts from Cornell University and a Juris Doctorate Degree from Brooklyn Law School.

22.     My paralegal, Ellen Mayer, received a Bachelor of Science from New York University, graduating summa cum laude, and an Associate Degree in Paralegal Studies from Berkeley College, in a program which is approved by the American Bar Association. She has 21 years of experience as a paralegal and is a Certified Employee Benefits Specialist pursuant to the program established by the Wharton School, University of Pennsylvania.

23.     It is submitted that given her experience and skill, the requested rate of $225.00 is fully warranted and in line with the prevailing market rates for paralegals with similar experience.

24.     **Settlement Negotiations.**  Plaintiffs have sought to engage Defendants in settlement discussions but all such efforts were rebuffed by the Defendants.

24.     The totals shown will be revised to reflect work to be performed on this fee application. Final totals will be set forth in my reply declaration in further support of this application, if applicable.

WHEREFORE, Plaintiffs respectfully request that the instant motion for an award of reasonable attorneys' fees, the costs and expenses of litigation, be granted, for the sum of $84,672.50 in attorneys' fees.[1]  Costs associated with this lawsuit, which included an additional

---

[1] In that Defendant Smith's settlement provided for attorneys' fees in the amount of $2,500.00, the total attorneys' fees now sought is in the amount of $82,172.50.00.

with whom Plaintiff settled, were allocated as paid from the settlement amount.

Dated:         New York, New York
March 21, 2016

Respectfully submitted,

THE LAW OFFICES OF GAIL I. AUSTER
& ASSOCIATES P.C.

Gail I. Auster (GA-8428)
17 Battery Place, Suite 711
New York, New York, NY 10004
Office: (212) 864-3461
Cell: (914) 707-4000
*Attorneys for Plaintiff*

9