UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
CAITLIN MAHONEY,                                                 :
:                    MEMORANDUM & ORDER
                            Plaintiff,           :                    14-CV-4131 (ENV)(VMS)
:
    -against-                                                    :
:
AMEKK CORP. (d/b/a CYPRUS AVENUE),                               :
A&O CORP. (d/b/a BLACK SHEEP PUB), 52 5th                        :
AVENUE CORP., and ANTHONY MCERLAIN,                              :
Individually,                                                    :
:
                            Defendants.          :
:
---------------------------------------------------------------- x

VITALIANO, D.J.

Plaintiff Caitlin Mahoney brings this action against Amekk Corp. d/b/a Cyprus Avenue ("Cyprus Avenue"), A&O Corp. d/b/a Black Sheep Pub ("Black Sheep Pub"), 52 5th Avenue Corp., and Anthony McErlain alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, as amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195.[1] Mahoney seeks to recover unpaid minimum wages and overtime compensation, unlawfully withheld tips, spread-of-hour premiums, liquidated damages, prejudgment interest, attorney's fees and costs. Defendants have not appeared or otherwise responded to the complaint.

---

[1]   Mahoney brought this action on July 3, 2014. *See* Dkt. No. 1. She then filed an amended complaint, adding Adam Smith, who was alleged to have an ownership interest in, and also, to have managed, Cyprus Avenue and Black Sheep Pub. *See* Dkt. No. 8 ¶¶ 14-15. Mahoney reached a settlement with Smith. *See* 2/9/2015 Order; Dkt. No. 40. As a consequence, any amounts paid by Smith to Mahoney that were allocated to unpaid wages and liquidated damages will be deducted from any amounts awarded to plaintiff against the remaining defendants.

1

Discussion

After withdrawing two applications for default judgment, *see* 2/13/2015 Order & 7/29/2015 Order, on March 21, 2016, plaintiff filed the instant motion for default judgment. Shortly thereafter, on March 22, 2016, the motion for default judgment was referred to Magistrate Judge Vera M. Scanlon for an assessment of liability, an inquest as to damages, and to make a Report and Recommendation ("R&R") as to her findings. Magistrate Judge Scanlon's R&R issued on September 30, 2016. R&R, Dkt. No. 68. The R&R gave notice that any objection had to be filed on or before October 17, 2016. To date, no objections have been made.

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation, *Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (citation and internal quotations omitted), and "may adopt those portions of the [r]eport . . . which are not facially erroneous." *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (citation and internal quotations omitted).

In this instance, no objections have been filed, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. As set forth in the R&R, the claims upon which judgment is to enter have been plausibly pleaded.

*See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) ("A default . . . only establishes a defendant's liability if [the pleadings] are sufficient to state a cause of action against the defendant."); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'") (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

In accordance with the R&R, Damages are awarded against defendants, jointly and severally, in the amount of $38,904.38, as follows:

- $15,966.38 in compensatory and liquidated damages; and
- $22,938.00 in attorney's fees and costs.

R&R at 47, 60-61. Defendants are also ordered to pay $2,279.64 in prejudgment interest up through and including September 30, 2016. *Id.* at 43, 61. An additional $2.42 per day in prejudgment interest will be assessed against defendants from October 1, 2016 until judgment is entered. *Id.*

## Conclusion

Plaintiff's motion for default judgment is granted against the remaining defendants. The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
      October 28, 2016

/s/ USDJ ERIC N. VITALIANO
_____
ERIC N. VITALIANO
United States District Judge

3